IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**STEPHEN MILES MUNSON**,

    Appellant,

v.

**GRADIENT RESOURCES, INC., and
JOHN MITCHELL, INC.**,

    Appellees.

No: 3:13-cv-01988-MO

OPINION AND ORDER

**MOSMAN, J.**,

    This appeal is from an order to show cause and an order finding Appellant in contempt of court. (Notice of Appeal [1-3] at 1.)  After holding an evidentiary hearing, the bankruptcy judge found Appellant Mr. Munson in contempt of court based on his violation of a permanent injunction issued by the bankruptcy court. Order at 1–3, Oct. 2, 2013, Bnkr. ECF No. 1184.[1] The bankruptcy court ordered Mr. Munson to show cause why, among other things, he should not be fined $500 per day until he performed his obligations under the permanent injunction. Order to Show Cause at 1–2, Oct. 1, 2013, Bnkr. ECF No. 1180.  Appellant timely filed his opening brief [11], and Appellees timely filed their response [13].  No reply brief was filed.

---

[1] All references to the record below refer to Case No. 10-39795-tmb11 in the United States Bankruptcy Court for the District of Oregon.

1 – OPINION AND ORDER

## BACKGROUND

This appeal arises from Appellant Mr. Munson's Chapter 11 bankruptcy. Appellee Gradient Resources, Inc. ("Gradient"), is a creditor in that bankruptcy, and Appellee John Mitchell, Inc., is the trustee. After a lengthy reorganization process in the Bankruptcy Court, a reorganization plan was confirmed (the "Plan"). Order Confirming Second Amend. Plan of Liquidation, June 26, 2013, Bnkr. ECF No. 1094. In connection with the Plan, the bankruptcy judge issued a "Permanent and Unmodifiable Injunction" that required, among other things, that Mr. Munson "deliver to [Appellee] Gradient and/or its designees . . . the original stock certificates, warrants, options, and any and all other instruments and documentation evidencing [Gradient stocks]" that Mr. Munson owned at the time of the bankruptcy filing. Perm. & Unmodifiable Inj. Pursuant to Second Amend. Plan of Liquidation at 4–5, July 3, 2013, Bnkr. ECF No. 1097 (the "Permanent Injunction"). Mr. Munson and his affiliated entities were also "[p]rohibited and permanently enjoined from bringing, directly, indirectly, derivatively, or otherwise, any Gradient-Related Claims and any Rights of Action against any or all of the Gradient Releasees." Permanent Injunction at 4, Bankr. ECF No. 1097. This injunction was aimed at several pieces of litigation filed by Mr. Munson and entities under his control in Oregon state court.

On August 1, 2013, Mr. Munson not having delivered the stock certificates and having continued to pursue the state court litigation by filing in opposition to its dismissal, Appellee Gradient filed a motion to compel compliance with the Plan and the Permanent Injunction, to hold Mr. Munson in contempt, and requesting sanctions (hereafter the "Contempt Motion"). Mot. Compel, Aug. 1, 2013, Bnkr. ECF No. 1119. After this Contempt Motion was filed in the bankruptcy court, Mr. Munson filed a notice, in which he requested more time to retain counsel

and respond to the motion. Notice of Intent at 1–4, Aug. 8, 2013, Bnkr. ECF No. 1128. A preliminary hearing was held on August 12, 2013, at which time the Bankruptcy Court reserved ruling on contempt and sanctions. Bnkr. ECF No. 1129. At this hearing, the Bankruptcy Court scheduled an evidentiary hearing to be held on the Contempt Motion at a later date. The record reflects that the evidentiary hearing was scheduled for September 20, 2013, because this date would allow Appellant sufficient time to retain counsel and for counsel to become familiar with the case before responding to the Contempt Motion. (Tr. of Hearing, Appellant ER [12-1] Ex. 4 at 18–20.) Nevertheless, Appellant failed to appear at the evidentiary hearing or to submit any evidence or argument. *Id.* Ex. 5 at 3; Bnkr. ECF No. 1174.

The bankruptcy judge held the evidentiary hearing as scheduled, receiving evidence from the movant, Appellee Gradient. *See* Tr. of Hearing Sept. 20, 2013, Appellant ER [12-1] Ex. 4 at 7–11. Based on this evidence, she found Mr. Munson in contempt of court based on his failure to comply with aspects of the Permanent Injunction. Tr. of Hearing Sept. 20, 2013 at 11; Appellant ER [12-1] Ex. 7 at 1–3. In connection with this finding of contempt, the Bankruptcy Judge issued an order to show cause. *See* Order to Show Cause, Bnkr. ECF No. 1180. Mr. Munson was ordered to appear at a show cause hearing on October 16, 2013, "to show cause, if any, why he should not be fined $500 per day" until he complies with the requirements of the Permanent Injunction, including by delivering the original Gradient stock certificates to Gradient. Order to Show Cause at 2–3, Oct. 1, 2013, Bnkr. ECF No. 1180. It is from the finding of contempt and the issuance of the show cause order that Mr. Munson appeals to this court. (Notice of Appeal [1-3] at 1.)

After he failed to appear at the show cause hearing, *see* Bnkr. ECF Nos. 1201, 1214, 1215, sanctions were imposed on Mr. Munson. Order, Oct. 28, 2013, Bnkr. ECF No. 1217. Mr.

3 – OPINION AND ORDER

Munson filed a separate appeal of the order imposing sanctions.  *See* Notice of Appeal #4, Nov. 8, 2013, Bnkr. ECF No. 1225; U.S. Dist. Ct. Case No. 3:14-cv-00029-MO.  That appeal has been dismissed on Mr. Munson's own motion. *See* Order of Dismissal, April 8, 2014, Bnkr. ECF No. 1257.

## LEGAL STANDARDS

This court has appellate jurisdiction over final orders of the bankruptcy court under 28 U.S.C. § 158(a).  Appeal from interlocutory orders of the bankruptcy court is permitted only with leave of court.  28 U.S.C. § 158(a)(3).

## DISCUSSION

It is well settled that an adjudication of contempt is not a final, appealable order until sanctions have been imposed.  *Alexander v. United States*, 201 U.S. 117, 121–22 (1906); *Jacobsen v. U.S. Postal Serv.*, 993 F.2d 649, 662 (9th Cir. 1992); *Blalock Eddy Ranch v. MCI Telecom. Corp.*, 982 F.2d 371, 374 (9th Cir. 1992); *Donovan v. Mazzola*, 761 F.2d 1411, 1417 (9th Cir.1985); *see generally* 15B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure: Juris. 2d § 3917.  *U.S. Abatement Corp. v. Mobil Exploration & Producing U.S., Inc. (In re U.S. Abatement Corp.)*, 39 F.3d 563 (5th Cir. 1994) exemplifies this rule of law as applied to a finding of contempt by a bankruptcy court.  In that case, the court held that the bankruptcy court's contempt order was not a final order appealable without leave under 28 U.S.C. § 158(a)(1) because "no assessment of sanctions ever occurred."  *Id.* at 566–67.

The bankruptcy court found Mr. Munson in contempt at the September 20, 2013 evidentiary hearing.  The court did not, however, impose any sanction at that time.  Instead, the court issued an order to show cause, commanding Mr. Munson to appear at a hearing on October 16, 2013 and show cause as to why sanctions should not be imposed for his contempt.  The

record makes clear that the threatened $500-a-day sanction set forth in the order to show cause was intended to compel Mr. Munson to comply with the Permanent Injunction, which he had theretofore refused to obey in several respects.

A finding of contempt itself is not appealable until sanctions are imposed therefor. *See Jacobsen*, 993 F.2d at 662. The show cause order made clear that Mr. Munson would be fined $500 per day until he complied with the Permanent Injunction, beginning on the date of the show cause hearing, if full compliance did not occur as of that date. Show Cause Order, Bankr. ECF No. 1180. The show cause order thus gave Mr. Munson the opportunity to purge his contempt by full compliance with the Permanent Injunction. That future sanctions were threatened is not enough to render the finding of contempt or the order to show cause final and appealable. *See Hoffman ex rel NLRB v. Beer Drivers & Salesmen's Local 888*, 536 F.2d 1268, 1272 (9th Cir. 1976) (where defendants were found in contempt for failure to comply with a temporary injunction and fines were suspended on condition that defendants purge themselves of contempt by compliance, the order of contempt and sanction was interlocutory). Because no sanction was imposed by the show cause order, it is clear that that order was interlocutory. *See Jacobsen*, 993 F.2d at 662. Thus, the combination of the finding of contempt and the order to show cause why sanctions should not be imposed is not enough to allow invocation of this court's appellate jurisdiction over final orders of the bankruptcy courts.

However, sanctions were ultimately imposed when Mr. Munson failed to purge himself of contempt by compliance with the Permanent Injunction.[2] *See* Order, Bnkr. ECF No. 1217.

---

[2] Because they were "designed to compel future compliance with a court order," the sanctions ultimately imposed were civil contempt sanctions. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994). Due process is satisfied when an alleged contemnor is provided notice and an opportunity to be heard on the issue of civil contempt sanctions. *Id.*; *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1112 (9th Cir. 2005). Because this court lacks jurisdiction, I may not resolve any question of due process suggested in Appellant's statement of issues [1-6] or opening brief [11]. Nevertheless, I note that

5 – OPINION AND ORDER

Thus, I turn to whether this appeal may be deemed to be from a final order of contempt accompanied by the imposition of sanctions.

A notice of appeal establishes the issues to be addressed on appeal—"[t]hose issues may include questions 'fairly to be inferred from the notice.'" *Baker v. Limber*, 647 F.2d 912, 919 (9th Cir. 1981) (quoting *Elfman Motors, Inc. v. Chrysler Corp.*, 567 F.2d 1252, 1253–54 (3d Cir. 1977)). The Notice of Appeal [1-3] in this case reads as follows:

> Stephen Munson, the debtor, appeals under 28 [U.S.C.] section 158 from the Order to Show Cause Re Motion for Contempt (filed 10/1/13) and the Order Finding Stephen Miles Munson in Contempt of Court (filed 10/2/13), both orders signed by Judge Trish Brown.

(Notice of Appeal [1-3].) Appellant concurrently filed a statement of issues [1-6], in which he specifically refers to these two orders and summarizes their contents. In light of my obligation to liberally construe pro se litigants' pleadings, *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), I have considered whether appeal of the order imposing sanctions, entered on October 28, 2013, may "fairly be inferred" from Mr. Munson's Notice of Appeal in this case. I conclude, in light of the text of the notice and the record before me, that it may not.

The Notice of Appeal [1-3] clearly refers to two particular orders by caption and date. Further, Appellant filed the notice of appeal in this case on October 11, 2013, before the scheduled date of the show cause hearing and before sanctions were imposed. Notice of Appeal #3, Oct. 11, 2013, Bnkr. ECF No. 1191. Moreover, Mr. Munson filed a separate appeal from the October 28, 2013, order imposing sanctions; this separate appeal was later dismissed on his own motion. *See* Bankr. ECF Nos. 1245, 1257. Thus, it is quite clear that in the case at hand he is not

---

although Mr. Munson did not actually appear to contest the finding of contempt or to show cause why sanctions should not issue, it appears he received ample notice of the scheduled hearings and an opportunity to be heard at those hearings.

attempting to invoke this court's appellate jurisdiction over the bankruptcy's court's October 28, 2013 order imposing sanctions.

A notice of appeal from the judgment or order complained of is "mandatory and jurisdictional." *Culinary and Serv. Emp. Union, AFL-CIO Local 555 v. Haw. Emp. Ben. Admin., Inc.*, 688 F.2d 1228, 1232 (9th Cir. 1982) (citing *Browder v. Dir., Dept. of Corrs. of Ill.*, 434 U.S. 257, 264 (1978). Without a notice of appeal raising the imposition of sanctions as an issue, this court has no jurisdiction to review the bankruptcy court's October 23, 2013, order.

Because the adjudication of contempt and the order to show cause from which this appeal was taken were not final orders, Appellant would have needed to seek leave of court to appeal them. 28 U.S.C. 158(a)(3). No such leave has been sought or granted. As such, this court lacks appellate jurisdiction under 28 U.S.C. § 158(a), and the appeal must be DISMISSED.

## CONCLUSION

The case is DISMISSED with prejudice for lack of jurisdiction.

IT IS SO ORDERED.

DATED this   29th   day of April, 2014.

                                                /s/ Michael W. Mosman
                                                MICHAEL W. MOSMAN
                                                United States District Court